UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAUL M. POUPART**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                      **NO. 21-1133**

**STATE OF LOUISIANA**                                                          **SECTION "E"(1)**

## REPORT AND RECOMMENDATION

Petitioner, Paul M. Poupart, filed with this Court a document he styled as a "Notice of Appeal." Rec. Doc. 1. In that the document appeared to relate to his state conviction, the Clerk of Court construed it as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. On June 11, 2021, the Clerk then issued a Notice of Deficient Filing directing petitioner to (1) resubmit his pleading on the Court's approved form for § 2254 petitions and (2) either pay the required filing fee or submit an application to proceed *in forma pauperis*. Rec. Doc. 2. Petitioner did not respond.

On July 13, 2021, the undersigned then issued an order directing petitioner to remedy the defects identified by the Clerk on or before August 4, 2021. He was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. Rec. Doc. 3.[1] Again, petitioner did not respond.

---

[1] In addition, the undersigned observed:

> [T[he Court notes that petitioner previously filed in this Court an application for habeas corpus relief challenging his 2011 state conviction for public intimidation. That application was dismissed with prejudice. <u>Poupart v. Tanner</u>, Civ. Action No. 15-1340, 2016 WL 8813778 (E.D. La. Apr. 25, 2016), <u>adopted</u>, 2017 WL 1511610 (E.D. La. Apr. 27, 2017), <u>aff'd</u>, 740 F. App'x 53 (5th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 1225 (2019). **If the instant application challenges the same conviction and is a second or successive petition as described in 28 U.S.C. § 2244, petitioner is hereby advised that the instant application cannot be considered on the merits by this Court until such time as petitioner obtains authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).**

Rec. Doc. 3.

Because petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis* in connection with the instant pleading, it was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed. See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Paul M. Poupart be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this __13th__ day of August, 2021.

                                             **JANIS VAN MEERVELD**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.